UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14CR337 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MARCUS HILL, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Marcus Hill's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Docs. 33 & 34).  For the following reasons, the Court **DENIES** Defendant's Motion.

**I. BACKGROUND**

On September 16, 2014, a Grand Jury indicted Defendant with one count of Possession of Firearms and Ammunition by a Convicted Felon, a violation of 18 U.S.C. § 922(g)(1).  On November 17, 2014, Defendant executed a Plea Agreement and pleaded guilty to the Indictment. On March 17, 2015, the Court sentenced Defendant to 96 months imprisonment and 3 years Supervised Release.  Defendant is 37 years-old, is incarcerated at United States Penitentiary Big Sandy and has served roughly 71 months in confinement.

On July 30, 2020, Defendant filed his Motion.  (Docs. 33 & 34).  The Government filed its opposition on August 11, 2020.  (Doc. 37).  Defendant filed a Reply shortly thereafter.  (Doc. 38).

**II. LAW & ANALYSIS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). Both parties agree that Defendant here has exhausted his administrative remedies. (*See* Doc. 37, PageID: 548).

After a defendant has exhausted his administrative remedies, he may ask the court for compassionate release. After considering the § 3553(a) factors, a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." § 3582(c)(1)(A)(i).[1]

That applicable policy statement is outlined in § 1B1.13 of the Sentencing Guidelines. There, the Commission lists 'extraordinary and compelling reasons' as: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) Other Reasons, a 'catch-all' provision for extraordinary reasons outside those listed. U.S.S.G. § 1B1.13, n. 1. Important here, as currently drafted, the 'Other Reasons' must be "determined by the Director of the Bureau of Prisons." *Id.* at § 1B1.13, n. 1(D).

Ultimately, "[t]he defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Here, Defendant has not demonstrated that 'extraordinary and compelling reasons' warrant a sentence reduction. Defendant's request for a reduction is based on his hypertension

---

[1] There is a second scenario that entitles a defendant relief based on his or her age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

combined with COVID-19 and subsequent changes to the law after his sentencing. Even after considering these in combination, the Court still determines that a reduction is impermissible.

Defendant's high blood pressure is not a qualifying 'Medical Condition' under the policy statement. Defendant's high blood pressure is neither terminal, U.S.S.G. § 1B1.13, n. 1(A)(i), nor a medical condition that substantially diminishes his ability to care for himself while incarcerated, *id.* at § 1B1.13, n. 1(A)(ii).[2] In fact, Defendant's blood pressure had been in 'remission' and he recently restarted medication. (Doc. 33, PageID: 312). Thus, it appears his high blood pressure is controllable with medication.

Additionally, the presence of COVID-19—or its combination with Defendant's hypertension—does not constitute an 'Other Reason' under the policy statement.[3] While COVID-19 is certainly extraordinary in the normal sense of the word—and it may justify compassionate release in certain instances—it does not justify Defendant's early release.

The Centers for Disease Control and Prevention has provided guidance for people who are at increased risk for severe illness due to COVID-19.[4] That guidance provides information for two groups of individuals—i) older adults and ii) people with underlying medical conditions.[5] At 37, Defendant would not be considered an "older adult." As for underlying medical

---

[2] The policy statement provides guidance for two other situations under Medical Conditions that relate to functional or cognitive impairment and deterioration due to the aging process. Neither is applicable here.

[3] Many district courts have determined that they have the authority to determine if "Other Reasons" exists for compassionate release under U.S.S.G. § 1B1.13, n. 1(D). *See United States v. Decator*, --- F. Supp.3d ----, 2020 WL 1676219, * 2 (D. Md. April 6, 2020) (collecting cases). According to these courts, they are not bound by the Bureau's determination of "Other Reasons" as currently written in the policy statement. *United States v. Thomas*, 2020 WL 3895781, * 3 (W.D. Va. July 10, 2020) (collecting cases). The Court adopts this rationale for the limited purpose in finding that it can look to see if "Other Reasons" exists for compassionate release.

[4] Centers for Disease Control and Prevention, "People Who Are at Increased Risk for Severe Illness," (updated June 25, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Aug. 25, 2020).

[5] *Id.*

conditions, the CDC states that individuals with high blood pressure "might be at an increased risk" for severe illness from COVID-19.[6] Unfortunately for Defendant—and our society at large—the CDC estimates that "[n]early half of adults in the United States (108 million, or 45%) have hypertension…or are taking medication for hypertension."[7]

Moreover, "[t]here are differences…in severity and type of hypertension that affect a person's vulnerability to developing a serious illness from COVID-19." *United States v. Avery*, 2020 WL 4287593, at *4 (S.D.W.V. July 23, 2020). For example, the CDC identifies "pulmonary hypertension," or high blood pressure affecting the lungs, as a specific type of high blood pressure that might increase a person's risk of severe illness if they contract COVID-19.[8] Here, Defendant suffers from essential hypertension. His hypertension had been in remission, and he recently started to take medication again. Moreover, there is not currently a significant presence of COVID-19 at the USP Big Sandy, the facility where Defendant is incarcerated. Finally, Defendant's age mitigates against a finding of extraordinary and compelling reasons. Thus, the Court joins other district courts that have found that hypertension and COVID-19 do not qualify as extraordinary and compelling reasons for compassionate release. *United States v. Thomas*, 2020 WL 3895781, *4 (W.D. Va. July 10, 2020); *United States v. Brown*, 2020 WL 3833284, *4 (D. Md. July 8, 2020); *United States v. Peaks*, 2020 WL 2214231, *2 (E.D. Mich. May 7, 2020).

---

[6] Centers for Disease Control and Prevention, "People with Certain Medical Conditions," (updated Aug. 14, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Aug. 25, 2020).

[7] Centers for Disease Control and Prevention, "Facts About Hypertension," (last reviewed Feb. 25, 2020), https://www.cdc.gov/bloodpressure/facts.htm (last visited Aug. 25, 2020).

[8] *See supra* note 6.

Finally, the Court holds that a disparity based on a change in sentencing law cannot serve as "extraordinary and compelling reasons" under § 3582(c)(1)(A). Defendant requests that the Court consider the Sixth Circuit's decision in *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc) as a justification for his early release. According to Defendant, because his Guideline Range would decrease under *Burris*, Defendant would be entitled to a lesser sentence if the Court resentenced Defendant today. (Doc. 33, PageID: 314).

The Court believes that both the compassionate release statute and the applicable policy statement do not consider subsequent changes in sentencing policy as 'extraordinary and compelling reasons.' In what little guidance district courts have on the topic, the Sixth Circuit reminds us that compassionate release is "available only to elderly prisoners and those with 'extraordinary and compelling reasons' for release." *Alam*, 960 F.3d at 835. And by amending the compassionate release statute in the First Step Act, "Congress gave inmates an option to seek early release ***on health grounds***." *Id.* (emphasis added). Moreover, while the applicable policy statement may be outdated, it still provides guidance. *Thomas*, 2020 WL 3895781, *3. That guidance is silent with respect to changes in sentencing since the original sentence. *United States v. Saldana*, 807 Fed. App'x 816, 820 (10th Cir. Mar. 26, 2020) ("neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction").

The Court interprets the statute and the policy statement to require a highly individualized analysis. *See United States v. Smith*, 2020 WL 4273816, *2 (N.D. Ohio July 24, 2020) ("The compassionate release analysis is a highly individualized inquiry that takes into account a variety of relevant facts"). By doing so, the analysis should not be based on facts or changes in the law that affect hundreds—if not thousands—of prisoners. Changes in the law like *Burris* (which may impact hundreds of prisoners) and in the facts like COVID-19 (which impacts

all prisoners) are too general to satisfy this individualized analysis. If Defendant wishes to challenge his sentence under *Burris*, there may be other vehicles for him to do so rather than the limited compassionate release statute.

Defendant's citation to supportive caselaw does not change this Court's opinion. The Court has thoroughly researched and analyzed this issue and agrees with other district courts that have determined that changes in sentencing policy do not warrant extraordinary and compelling reasons for compassionate release. *See, e.g., United States v. Rucker*, 2020 WL 4365544, *4 (D. Kan. July 30, 2020) ("the Court concludes that it may not grant defendant relief under Section 3582(c)(1)(A) based on the disparity between his sentence and the sentence he would have received if given the benefit of a subsequent amendment of sentencing law").

Thus, because Defendant has not demonstrated any 'extraordinary and compelling reason' to justify compassionate release, his Motion is without merit.

### III. CONCLUSION

Because Defendant cannot demonstrate any unique and individualized 'extraordinary and compelling reason' for release, the Court **DENIES** Defendant's Request to Reduce his Sentence. (Docs. 33 & 34).

**IT IS SO ORDERED.**

                                  s/ Christopher A. Boyko
                                  **CHRISTOPHER A. BOYKO**
                                  **Senior United States District Judge**

**Dated: August 31, 2020**